UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| ROBERT LEE WASHINGTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:24-cv-00382-JPH-MG |
| | ) | |
| STEPHANIE EDWARDSON, | ) | |
| CHELSEA LAFLEUR, | ) | |
| RICHARD FIELDS, | ) | |
| EMILY MEADOWS, | ) | |
| CASEY LEE, | ) | |
| CHARLES FUNK, | ) | |
| DANICKA MITCHELL, | ) | |
| T. SWITZER, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
AND DIRECTING ENTRY OF FINAL JUDGMENT**

Robert Lee Washington alleges that Defendants violated his due process
rights by subjecting him to disciplinary proceedings and sanctions when he was
a pretrial detainee at the Vigo County Security Center. The parties have filed
cross-motions for summary judgment. Dkt. [45]; dkt. [50]. For the reasons below,
Defendants' motion for summary judgment is **GRANTED** and Mr. Washington's
motion is **DENIED**.

**I.
Summary Judgment Standard**

A motion for summary judgment asks the Court to find that a trial is
unnecessary because there is no genuine dispute as to any material fact and,
instead, the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ.

1

P. 56(a). When reviewing a motion for summary judgment, the Court views the record and draws all reasonable inferences from it in the light most favorable to the nonmoving party. *Khungar v. Access Cmty. Health Network*, 985 F.3d 565, 572–73 (7th Cir. 2021). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014). A court only has to consider the materials cited by the parties, *see* Fed. R. Civ. P. 56(c)(3); it need not "scour the record" for evidence that might be relevant. *Grant v. Trs. of Ind. Univ.*, 870 F.3d 562, 573–74 (7th Cir. 2017).

A party seeking summary judgment must inform the district court of the basis for its motion and designate the evidence that it contends demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Whether a party asserts that a fact is undisputed or genuinely disputed, the party must support the asserted fact by citation to specific parts of the record, including depositions, documents, or affidavits. Fed. R. Civ. P. 56(c)(1)(A). Failure to properly support a fact in opposition to a movant's factual assertion can result in the movant's fact being considered undisputed, and potentially in the grant of summary judgment. Fed. R. Civ. P. 56(e).

For cross-motions for summary judgment, all reasonable inferences are drawn in favor of the party against whom the motion at issue was made. *Valenti v. Lawson*, 889 F.3d 427, 429 (7th Cir. 2018) (citing *Tripp v. Scholz*, 872 F.3d 857, 862 (7th Cir. 2017)). The existence of cross-motions for summary judgment does not imply that there are no genuine issues of material fact. *R.J. Corman*

*Derailment Servs., LLC v. Int'l Union of Operating Engineers, Loc. Union 150, AFL-CIO*, 335 F.3d 643, 647 (7th Cir. 2003).

## II.
## Factual Background

Mr. Washington was a pretrial detainee in the Vigo County Security Center from 2021 through sometime in 2024, when he began serving a prison term at the Indiana Department of Correction. Dkt. 45-1 at 8–9 (Washington deposition). The designated evidence contains records of four disciplinary charges that were brought against Mr. Washington while he was housed at the Security Center:

- On December 8, 2022, Defendant Danicka Mitchell wrote a conduct report accusing Mr. Washington of using a sock to tamper with a cell door lock. Dkt. 45-7 (12/8/2022 conduct report).

- On April 7, 2024, Defendant Mitchell wrote a conduct report accusing Mr. Washington of improperly having two mattresses instead of one. Dkt. 45-8 (4/7/2024 conduct report).

- On July 4, 2024, non-defendant Officer Whalen wrote a conduct report stating that Mr. Washington had "returned a razor with it having the razor blade itself completely removed from the razor making into a deadly weapon." Dkt. 45-9 (7/4/2024 razor conduct report). Defendant Richard Fields was the CAB hearing officer for this charge and found Mr. Washington guilty. Dkt. 45-2 ¶¶ 22, 23 (Fields affidavit).

- Also on July 4, 2024, non-defendant Officer Mawi wrote a conduct report accusing Mr. Washington of writing and sending a sexual note to a

Security Center nurse. Dkt. 45-10 (7/4/2024 letter conduct report). Defendant Torie Switzer was the CAB hearing officer for this report and found that Mr. Washington had violated two Security Center rules – one prohibiting "sexual conduct" and one prohibiting "trafficking." Dkt. 45-4 ¶¶ 16–19 (Switzer affidavit).

Mr. Washington does not contend that he did not receive notice of any of these conduct reports, or that the proceedings related to the conduct reports did not comply with due process. Dkt. 1; dkt. 50; dkt. 52. Instead, Mr. Washington argues that Defendants violated his due process rights by subjecting him to disciplinary proceedings and sanctions when he did not have notice of the Security Center's rules and regulations and possible sanctions for violations of those rules. Dkt. 45-1 at 45, 51. Defendants have designated evidence that the rules and regulations in the handbook were available to all detainees through the Security Center's kiosks. Dkt. 45-4 ¶ 15. Mr. Washington testified that "[t]here wasn't any postings of the rules by a kiosk or anywhere in eyesight in the dorms, the regular dorms or [in] segregation. I wasn't given a rule book." Dkt. 45-1 at 12.

The Court screened Mr. Washington's complaint and allowed him to proceed with claims based on allegations that Defendants placed him in segregation for disciplinary reasons without due process. Dkt. 29 at 2-3.[1] The parties have filed cross-motions for summary judgment.  Dkt. 45; dkt. 50.

---

[1] Mr. Washington did not file a motion asking the Court to reconsider its screening order; nor did he properly file an amended complaint. *See* dkt. 59 (order striking belated and unsigned motion to file an amended complaint that did not have an amended complaint

### III.
### Discussion

A pretrial detainee's placement in disciplinary segregation for prison rule violations can trigger the detainee's right to due process. *See Bell v. Wolfish*, 441 U.S. 520, 535–36 (1979); *Rapier v. Harris*, 172 F.3d 999, 1005 (7th Cir. 1999). Here, Mr. Washington does not allege or argue that he was denied due process during any disciplinary proceeding. Dkt. 1; dkt. 50; dkt. 52. Rather, he argues that subjecting him to disciplinary proceedings and sanctions violated his due process rights because he was not given the Security Center's rules and regulations setting forth what conduct was sanctionable.

Defendants argue that they are entitled to summary judgment because they did not violate Mr. Washington's due process rights by denying him access to the Security Center's list of sanctionable conduct, and regardless are entitled to qualified immunity. Dkt. 46. In a one-page response, Mr. Washington contends that "Defendants factual allegations are not correct or are incomplete, specifically the date the Vigo County Jail obtained its inmate handbook", and that disciplining him for violating rules that were not posted violates due process. Dkt. 50 at 1.

"[Q]ualified immunity shields officials from civil liability so long as their conduct 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Mullenix v. Luna*, 577 U.S. 7, 11

---

attached to it). To the extent Mr. Washington now suggests that he also was subjected to First Amendment retaliation or deprivation of his religious freedoms at the Security Center, those claims are not raised in this case. *See Schmees v. HC1.COM, Inc.*, 77 F.4th 483, 488–90 (7th Cir. 2023).

(2015) (quoting *Pearson v. Callahan*, 555 U.S. 223, 232 (2009)). "Once the defense of qualified immunity is raised, a defendant is entitled to dismissal unless a plaintiff comes forward with facts showing a constitutional violation and law showing his right was 'clearly established' at the time of the alleged violation." *Thomas v. Carmichael*, 164 F.4th 1058, 1067 (7th Cir. 2026) (quoting *Siddique v. Laliberte*, 972 F.3d 898, 902-03 (7th Cir. 2020)). To overcome qualified immunity, the plaintiff bears the burden of showing "clearly established law . . . particularized to the facts of the case." *Green v. Newport*, 868 F.3d 629, 633 (7th Cir. 2017). Meeting that burden "is a 'do or die' requirement for the plaintiff's suit. If a plaintiff fails to identify analogous precedent clearly establishing the law, the district court must grant summary judgment for the defendant." *Villalobos v. Picicco*, 168 F.4th 1057, 1063 (7th Cir. 2026); *accord Thomas v. Carmichael*, 164 F.4th 1058, 1067 (7th Cir. 2026).

In response to Defendants' summary judgment motion, Mr. Washington cites *Gibbs v. King*, 779 F.2d 1040 (5th Cir. 1986), and *Garcia v. Salt Lake County*, 768 F.2d 303 (10th Cir. 1986). That is not enough to overcome qualified immunity. First, Fifth and Tenth Circuit cases do not govern Defendants' actions in the Southern District of Indiana. *See Reed v. Palmer*, 906 F.3d 540 (7th Cir. 2018) (explaining that precedent from other circuits can clearly establish the law only if there's "such a clear trend in the caselaw that we can say with fair assurance that the recognition of the right by a controlling precedent was merely

6

a question of time").[2] Moreover, *Gibbs* recited only a general principle that "an inmate is entitled to prior notice, or 'fair warning,' of proscribed conduct before a severe sanction may be imposed." 779 F.2d at 1044; *see Zorn v. Linton*, 146 S. Ct. 926, 930 (2026) ("The relevant precedent must define the right with a high degree of specificity, so that every reasonable official would interpret it to establish the particular rule the plaintiff seeks to apply."). And *Garcia* does not address due process related to prison discipline at all. 768 F.2d 303.

Further problematic for Mr. Washington, "[d]ue process does not require specific notice of a rule prohibiting an act commonly known to be unlawful." *Ard v. Hanks*, 67 F. App'x 946, 949 (7th Cir. 2003). Mr. Washington provides no argument—much less citations to clearly established law—that it was not commonly known that inmates were not allowed to possess razor blades or write sexual notes to staff.  *See id.*; *cf. Orozco v. Dart*, 64 F.4th 806, 815 (7th Cir. 2023) (noting that unlike books, inmates lack a property interest in "cocaine or other banned substances").[3] Even more, Mr. Washington designated no evidence that any individual defendant was responsible for informing him of what conduct was prohibited or ensuring that the Security Center's kiosks had copies of the

---

[2] Mr. Washington also cites a district court opinion, *Hodges v. Jones*, 873 F. Supp. 737 (N.D.N.Y. 1995), but in addition to being outside the Seventh Circuit, district court opinions "have no weight as precedents and therefore cannot clearly establish a constitutional right." *Lovett v. Herbert*, 907 F.3d 986, 994 (7th Cir. 2018).

[3] While it is not necessary for the qualified immunity analysis, the Court notes that it appears that the first two instances of discipline that Mr. Washington alleges did not lead to any sanction, including disciplinary segregation. *See Obriecht v. Raemisch*, 565 F. App'x 535, 539 (7th Cir. 2014) (noting inmate could not "prove a violation of procedural due process without evidence that he was deprived of a protected liberty or property interest").

handbook available. *See* dkt. 50. For these reasons too, Defendants are entitled to qualified immunity. *See Mabes v. Thompson,* 136 F.4th 697, 706 (7th Cir. 2025).

Mr. Washington has not overcome qualified immunity, so the Court "must grant summary judgment for the defendant[s]." *Villalobos,* 168 F.4th at 1063; *accord Thomas,* 164 F.4th at 1067.[4]

### IV. Conclusion

Defendants' motion for summary judgment is **GRANTED** and Mr. Washington's motion is **DENIED**. Dkt. [45]; dkt. [50]. Final judgment will issue by separate entry.

**SO ORDERED.**

Date: 7/29/2026

James Patrick Hanlon
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

ROBERT LEE WASHINGTON
967130
CORRECTIONAL INDUSTRIAL FACILITY (CIF)
CORRECTIONAL INDUSTRIAL FACILITY
Inmate Mail/Parcels
5124 West Reformatory Road
PENDLETON, IN 46064

---

[4] Because Defendants are entitled to qualified immunity, the Court does not consider the other arguments made regarding summary judgment.

8